BENJAMIN B. WAGNER
United States Attorney
KURT A. DIDIER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>GARRY BRADFORD,<br><br>　　　　Defendant and Judgment Debtor,<br><br>SAN FRANCISCO EMPLOYEES'<br>RETIREMENT SYSTEM,<br><br>　　　　Garnishee. | No. 2:15-mc-0022-TLN-DAD<br><br>**STIPULATION RE GARNISHMENT;<br>AND ORDER THEREON**<br><br>Criminal Case No. 2:11-CR-00171-TLN |

　　　　Plaintiff United States and defendant and judgment debtor Garry Bradford, through their authorized representatives (collectively the "Parties"), hereby stipulate to a final resolution of the United States' pending garnishment action against Defendant as follows:

　　　　1.　　On March 16, 2015, and March 20, 2015, respectively, the United States sought, and the Clerk issued, a writ of garnishment against Defendant's monthly retirement benefits. Dkt Nos. 3 and 5, respectively. Defendant is a retired firefighter receiving monthly annuity payments from the garnishee, San Francisco Employees' Retirement System (SFERS).

　　　　2.　　By its writ, the United States sought to enforce the restitution order issued by the Court in

Stipulation re Garnishment and Order

1

Defendant's sentencing in Case No. 2:11-CR-00171-TLN and incorporated in the Amended Judgment in a Criminal Case filed on January 7, 2015.  Crim. Dkt. No. 64.  Per the amended judgment, Defendant was ordered to pay $1,102,916.18 in restitution plus a $400 assessment.  *Id*.  Defendant's restitution order remains unpaid.

  3. SFERS served its Acknowledgment and Answer (the "Answer") to the United States' writ on May 1, 2015.  Dkt. No. 9.  The Answer states that Defendant receives a monthly retirement allowance in the gross amount of $12,381.74.  After tax and other withholdings, Defendant receives a monthly net allowance of $8,449.81.  *Id*.  This net allowance represents Defendant's non-exempt, disposable retirement earnings arising from his service as a firefighter.

  4. SFERS has been withholding 25% of Defendant's non-exempt, disposable earnings since April 2015.  The 25% withholding amount comports with the Consumer Credit Protection Act's 25% garnishment cap on a debtor's non-exempt disposable earnings.  15 U.S.C. § 1673(a)(1).

  5. On April 9, 2015, Defendant, then proceeding pro se, filed a claim of exemption to the garnishment action and requested a hearing thereon.  Dkt. No. 8.  The Court set a briefing schedule but not a hearing date as Defendant was then incarcerated in Texas.  Dkt. No. 10.  In an order filed on September 28, 2015, the Court set another briefing schedule and a hearing date of November 13, 2015, following Defendant's retention of counsel and counsel's request for hearing.  Dkt. No. 14.

  6. The Parties notified the Court on October 13, 2015 that they had agreed to a settlement of this garnishment action.  Dkt. No. 15.  To effectuate this agreement, Defendant agrees to withdraw: his claim of exemption; request for hearing; and any objection he has to this proceeding.  And, the Parties agree that the Court can and should enter an order as follows:

  A. Garnishing 25% of Defendant's non-exempt, disposable (net) monthly SFERS retirement payments from the date SFERS began withholding these payments plus any amounts payable to him until December 31, 2015;

  B. Garnishing 22.5% of Defendant's non-exempt, disposable (net) monthly SFERS retirement payments payable after January 1, 2016 and continuing thereafter until further order of Court; and

  C. Directing SFERS to pay the garnishment amounts to the Clerk of the Court as

Stipulation re Garnishment and Order

2

stated more specifically in the accompanying order.

7. This is a continuing writ of garnishment against Defendant's SFERS benefits which shall remain in place until further Court order. The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary.

                                            Respectfully submitted,

FOR THE UNITED STATES:

                                            BENJAMIN B. WAGNER
                                            United States Attorney

Dated: October 28, 2015          By:     /s/ *Kurt A. Didier*
                                            KURT A. DIDIER
                                            Assistant United States Attorney

FOR THE DEFENDANT:

Dated: October 28, 2015          By:     /s/ *Garry Bradford*
                                            GARRY BRADFORD, Individually

APPROVED AS TO FORM AND CONTENT:

Dated: October 28, 2015          By:     /s/ *Betty J. Williams*
                                            BETTY J. WILLIAMS
                                            Attorney at Law

Stipulation re Garnishment and Order

**O R D E R**

The Court, having reviewed the court files and the Parties' Stipulation re Garnishment (the "Stipulation"), and good cause appearing therefrom, herby APPROVES the Stipulation. Accordingly, IT IS ORDERED that:

1. The United States' application for a final order of garnishment is GRANTED.

2. San Francisco Employees' Retirement System (SFERS) shall GARNISH defendant Garry Bradford's monthly non-exempt, disposable retirement payments at the rate of 25% from each payment from the date it received the United States' writ of garnishment through December 31, 2015.

3. Beginning on January 1, 2016, SFERS shall GARNISH defendant Garry Bradford's monthly non-exempt, disposable retirement payments at the rate of 22.5% from each payment until: the restitution amount is paid in full; further order of this Court; or SFERS no longer has custody, possession or control of any property belonging to Defendant.

4. SFERS shall DELIVER, within twenty (20) days of the filing of this Order, a cashier's check, money order or company draft in the sum of all amounts previously withheld by SFERS pursuant to the writ of garnishment, made payable to the Clerk of Court. SFERS shall also provide the United States a written accounting, by pay period, of the amounts withheld from Defendant's retirement payments during the period from service of the writ of garnishment to entry of this final order.

5. Following its payment of the withheld amount as stated in paragraph 4, above, SFERS shall thereafter DELIVER, on a monthly basis, payments to the Clerk of Court consistent with this order. SFERS shall NOTIFY the United States, within 30 days, of any change: in the amount of Defendant's monthly retirement benefit; in Defendant's entitlement to the retirement payment; or affecting SFERS status as garnishee under this order.

6. This is a CONTINUING writ of garnishment against Defendant's SFERS benefits which shall remain in place until further Court order. The Court shall RETAIN jurisdiction to resolve matters through ancillary proceedings in the case, if necessary.

7. All payments shall be made payable to the "Clerk of the Court" at the Office of the Clerk, United States District Court, Eastern District of California, 501 I Street, Suite 4-200, Sacramento,

1  California 95814.  SFERS shall also state the docket number (Case No.: 2:11-CR-00171-TLN) on the

2  payment instrument and, if it desires a payment receipt, shall include a self-addressed, stamped envelope

3  with the payment.

4  Dated:  October 29, 2015

```
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE
```

Ddad1\orders.civil
bradford0022.stip.granish.ord.docx

Stipulation re Garnishment and Order